LEM. RITCHER v. THE STATE OF TEXAS.

1. In prosecutions for theft the ownership of the stolen property must be satisfactorily proven as alleged.
2. See this case for testimony *held* insufficient to sustain the allegation of ownership.

APPEAL from Dallas. Tried below before the Hon. Hardin Hart.

In June, 1872, the defendant was convicted of theft of a gelding. The indictment charged the ownership of the gelding in Seth Stadden.

On that point the testimony is as follows:

"Seth Stadden, a witness for the State, testified, that on the thirteenth day of June, A. D. 1871, his gelding, the one alleged to have been stolen, was missing from the range in Dallas county; that he does not know who took him; went in pursuit, and found him in possession of Eli Magnor, in Wood county, and proved him away. Said gelding was about five or six years old; was taken in Dallas county without the consent of witness. On cross-examination witness said, that the gelding came into the range, near his house, about four years before

he was taken, as before stated; came with his dam into the range; was known as an estray. An old man from Bosque county came into the neighborhood, inquiring for stock with the same brand as the mare; authorized witness to gather them, one-half for the other. Witness took up the mare and colt; the mare died. Witness sent word to the old man, whose name he cannot remember, that he would have to keep the colt for his trouble; heard that the old man said it was all right; got this word from one who claimed to be an agent of the old man; got this information about three months after he took up the mare and colt. The mare died about two years after he took her up; had paid taxes on said gelding for the last three years; he was not branded."

Motion for new trial was overruled, and defendant appealed.

*Walton & Green,* for appellants.

*Attorney-General,* for the State.

McADOO, J.—There are two assignments of error in this case. 1. The court erred in overruling defendant's motion in arrest of judgment.

2. The court erred in overruling defendant's motion for a new trial.

We shall confine our opinion to the latter assignment. We believe a new trial should have been granted. The ownership of the property alleged to have been stolen must be proved as alleged. It would require, we think, a good deal stronger testimony than appears in the record in this case to satisfy our minds that Seth Stadden was the owner of the horse alleged to have been stolen.

We think, at best, the evidence shows the horse was an estray, and, perhaps without any authority whatever, in the possession of Stadden.

The testimony of Stadden on the subject of his posses-
sion of and claim to the ownership is extremely vague,
uncertain, inconclusive and unsatisfactory.   We think it
entirely fails to show any title or ownership in him.

The cause is reversed and remanded.

REVERSED AND REMANDED.